IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT A. NITTI, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:17CV422–HEH
)
PENN CREDIT CORPORATION, )
)
Defendant. )

**MEMORANDUM OPINION**
**(Granting Defendant's Motion to Dismiss)**

THIS MATTER is before the Court on Defendant Penn Credit Corporation's ("Defendant") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 9), filed on August 31, 2017, and Plaintiff's Motion to Amend Complaint (ECF No. 13), filed on September 13, 2017. The issues have been briefed and are ripe for review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J). For the reasons discussed herein, Defendant's Motion will be granted; because the Court finds that it lacks subject matter jurisdiction over the action, it does not reach Plaintiff's Motion.

## I. BACKGROUND

Defendant is a debt collector that regularly operates in this district. (Am. Class Action Compl. ("Am. Compl.") ¶ 4, ECF No. 4.) Defendant has contracted with the Virginia Department of Taxation to collect Virginia individual income taxes. (*Id.* ¶ 6.)

Defendant sent Robert A. Nitti ("Plaintiff") certain "Broken Promise" letters on or around February 1, 2016. (*Id.* ¶ 10.) The letters stated that they were "an attempt to collect a debt" and notified Plaintiff that, "It is important that you either make payment or contact our office today." (*Id.* ¶ 11.)[1] The letters further listed twenty-one debts that Plaintiff allegedly owed to the Virginia Department of Taxation. (*Id.*) At least one of the debts listed was for individual income tax that had first been assessed more than seven years prior, despite the fact that the limitations period for the collection of Virginia state taxes is seven years. (*Id.* ¶ 11–12 (citing Va. Code § 58.2-1802.1).)

According to the Complaint, Defendant is aware of the statute of limitations for individual income tax collection. (*Id.* ¶ 14.) Nevertheless, Defendant does not investigate or have any procedure to verify whether the tax debts it attempts to collect are time-barred. (*Id.* ¶ 15.) Defendant merely sends letters to all individuals identified by the Virginia Department of Taxation as persons owing tax debts. (*Id.*) Plaintiff asserts that this behavior violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f. (*Id.* ¶¶ 26, 32.) Plaintiff, on behalf of himself and all other similarly situated, seeks a permanent injunction against Defendant, as well as statutory damages for himself and each class member and an award of reasonable attorney fees and costs. (*Id.* ¶¶ 27, 33.)

In the Motion to Dismiss, Defendant asks the Court to dismiss the action for lack of subject matter jurisdiction, or in the alternative for failure to state a claim. Plaintiff,

---

[1] The Amended Complaint cites to the "letters attached as Exhibit A" (Am. Compl. ¶ 10), but no exhibit is attached. The Court therefore relies on the quotations contained in the Amended Complaint.

having already amended his Complaint once as a matter of right, now seeks leave to amend in order to better articulate standing and to restate his claim.

## II. LEGAL STANDARDS[2]

### A. 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). As recognized by the Fourth Circuit, "[t]here are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction" under Rule 12(b)(1). *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First, a defendant may challenge jurisdiction facially and "contend 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Bain*, 697 F.2d at 1219). "In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Bain*, 697 F.2d at 1219.

Alternatively, a defendant may challenge jurisdiction factually and "contend . . . 'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns*, 585 F.3d at 192 (alteration in original) (quoting *Bain*, 697 F.2d at 1219). When—and only when—a defendant takes this latter position, "'[a] trial court may . . . go beyond the allegations of

---

[2] Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, jurisdiction is a threshold matter, and the Court's analysis must begin—and in this case, end—with a jurisdictional analysis. *Id.* Because the Court finds that Plaintiffs have not alleged facts sufficient to confer standing, it need not address Defendant's argument for dismissal grounded on Federal Rule of Civil Procedure 12(b)(6), nor Plaintiff's argument that he should be granted leave to amend yet again.
*See Saxon Fibers, LLC v. Wood*, 118 F. App'x. 750, 752 (4th Cir. 2005) ("[A] court without subject matter jurisdiction lacks authority to grant a party's amendment motion.").

3

the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." *Id.* (quoting *Bain*, 697 F.2d at 1219).

In this case, Defendant brings a facial challenge to standing. Accordingly, the Court's analysis is confined to the facts as pled in the Amended Complaint.

## B. Standing

The Supreme Court has established that the "irreducible constitutional minimum" of standing includes three elements: (1) an injury-in-fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (as revised May 24, 2016) (quoting *Warth v. Seldin*, 422 U.S. 518 (1975)).

In order to show injury-in-fact at the pleading stage, a plaintiff must allege "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual and imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). To satisfy the concreteness requirement, a plaintiff must allege an injury—either tangible or intangible—that actually exists. *Id.* at 1548–49. The Supreme Court has made clear that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. However, in certain limited circumstances the statutory violation

itself may be sufficient to satisfy the concrete injury requirement, because the violation creates "the *risk* of real harm." *Id.* (emphasis added).

In determining whether an intangible harm—in the present case, the harm created by a bare statutory violation—constitutes a concrete injury, "both history and the judgment of Congress play important roles." *Id.* Specifically, a court should "consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* A court should also consider whether Congress sought to prevent a particular type of harm by "elevat[ing] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate at law," and whether the statutory violation alleged implicates that specific harm. *Id.* (quoting *Lujan*); *see also Dreher v. Experian Info. Sol's, Inc.*, 856 F.3d 337, 345 (4th Cir. 2017) (finding persuasive the D.C. Circuit's reasoning that "a plaintiff suffers a concrete . . . injury where he is denied access to information required to be disclosed by statute, and he 'suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure.'" (quoting *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016))). In such a case, "a plaintiff . . . need not allege any additional harm beyond the one Congress has identified." *Spokeo*, 136 S. Ct. at 1549.

### III. ANALYSIS

The entirety of Plaintiff's Amended Complaint distills to an allegation that Defendant violated the FDCPA by representing that Plaintiff's debt was collectible, when at least part of the debt had been incurred outside the limitation period for the collection of

5

individual income taxes in Virginia. (*See* Am. Compl. ¶¶ 10-12, 23-33.) Based on the parties' briefs, it appears undisputed that, on its face, the Amended Complaint is devoid of any reference to Plaintiff suffering any actual harm as a result of these alleged violations.

Plaintiff attempts to cure this deficiency through his proposed Second Amended Complaint, in which he alleges that he suffered various emotional injuries. (ECF No. 13-1.) However, as Defendant rightly points out, the procedural posture of this case dictates that Plaintiff cannot amend the Complaint again without the Court's approval, and if the Court lacks subject matter jurisdiction, it has no authority to grant such approval. *See* Fed. R. Civ. P. 15(a); *Saxon Fibers*, 118 F. App'x. at 752. The Court is accordingly bound by the facts as pled in the Amended Complaint, and it cannot consider the allegations contained in the proposed Second Amended Complaint in determining whether Plaintiff has standing. As a result, the Court concludes that Plaintiff has failed to allege facts that show he suffered harm beyond the bare statutory violation.

Absent any such facts, the Court must determine whether the alleged statutory violation alone caused Plaintiff to suffer a "risk of real harm" that is likely to occur in the future. *Spokeo*, 136 S. Ct. at 1549. Plaintiff appears to recognize that a risk of future harm can, in some cases, satisfy the requirements of standing in and of itself. (Mem. Opp. Mot. Dismiss 5, n.1, ECF No. 15 (pointing out that the Supreme Court remanded *Spokeo* to the Ninth Circuit to determine "whether the particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement").) Nevertheless, Plaintiff fails to advance any such risk-based arguments with regard to his own purported injury and instead rests his case for standing solely on the injuries newly

alleged in the proposed Second Amended Complaint. (*Id.* at 5, 9–10.) For the reasons stated previously, the Court cannot and does not consider those allegations.

Because Plaintiff does not demonstrate that the alleged statutory violation put him at any risk of real future harm or that the bare statutory violation constituted a concrete injury based on "both history and the judgment of Congress," the Court finds that Plaintiff has failed to plead facts showing that he has standing to sue. *Spokeo*, 136 S. Ct. at 1549; *see also id.* at 1553 (Thomas, J., concurring) (emphasizing that it is the plaintiff's burden to demonstrate harm).[3] As a result, the Court lacks subject matter jurisdiction, and the action must be dismissed.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss will be granted, and the Amended Complaint will be dismissed without prejudice. An appropriate Order will accompany this Memorandum Opinion.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 2 2017
Richmond, VA

---

[3] This finding is further supported by Plaintiff's concession that "[Plaintiff] may not sue [Defendant] directly under the FDCPA, and . . . it is clear that [Plaintiff's] right of action arises from the contract and *not from the FDCPA*." (Pl. Mem. Supp. Mot. Amend Compl. 4, ECF No. 14 (emphasis added).) The Court finds it difficult to believe that Congress intended for a violation of the FDCPA to convey automatic standing upon would-be plaintiffs who cannot even base a lawsuit directly upon the statute. Confronted with these facts, the Court has simply no basis for finding that Plaintiff "suffer[ed] . . . the type of harm Congress sought to prevent" with the statutory provisions at issue, such that pleading a bare statutory violation satisfies Plaintiff's burden to demonstrate injury-in-fact. *Dreher*, 856 F.3d at 345.

7